UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                         Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO DISMISS (Doc. 18)**

Before the Court is a Motion to Dismiss filed by Defendant Coway USA, Inc. ("Coway").  (Mot., Doc. 18.)  Plaintiff Julie A. Su, Acting Secretary for the U.S. Department of Labor ("Acting Secretary Su" or "Plaintiff") opposed, and Coway responded.  (Opp., Doc. 19; Reply, Doc. 20.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for December 6, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Coway's Motion.

I.      **BACKGROUND**

Plaintiff Julie A. Su, Acting Secretary for the U.S. Department of Labor, brought this enforcement action under the Fair Labor Standards Act of 1938 (the "FLSA") 29 U.S.C. § 203 *et seq.* against Coway for, *inter alia*, failing to pay overtime premiums and falsifying employment records.  (Compl. ¶¶ 2–3; 35–40.)  Acting Secretary Su served Coway with her Complaint on September 6, 2024, and again on October 7, 2024, October 25, 2024, and October 28, 2024; Coway has not filed an answer.  (Docs. 8, 14, 16, 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                           Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

Plaintiff is the Senate-confirmed Deputy Secretary of the United States Department of Labor and began serving as Acting Secretary upon the resignation of former Secretary Martin J. Walsh.  (PN 122 Nomination of Julie A. Su for Department of Labor ("PN 122"), 117th Cong. (2021–2022).)  The Office of Secretary of Labor and the Office of the Deputy Secretary of Labor are established by Congress within the U.S. Department of Labor, pursuant to the Appointments Clause of the U.S. Constitution, Article II.  U.S. Constitution, Article II. Const. Art. II, § 2, cl. 2; 29 U.S.C. §§ 551, 552.

On March 14, 2023, President Biden nominated Acting Secretary Su to serve as Secretary of Labor.  (PN 388 Nomination of Julie A. Su for Department of Labor, 118th Cong. (2023–2024) ("PN 388"), https://www.congress.gov/nomination/118th-congress/388.)  After 281 days pending, the nomination was returned to the President without a vote on the Senate floor.  (Release of Senate Committee on Health, Education, Labor & Pensions, December 20, 2023, https://www.help.senate.gov/ranking/newsroom/press/ranking-member-cassidy-on-julie-sus-failed-nomination-biden-forced-to-renominate.)  President Biden renominated Acting Secretary Su on January 8, 2024; this nomination remains pending.  (White House Presidential Actions, January 8, 2024, https://www.whitehouse.gov/briefing-room/presidential-actions/2024/01/08/nominations-sent-to-the-senate-133/.)

As Acting Secretary, Plaintiff "perform[s] the duties of the Secretary until a successor is appointed."  29 U.S.C. § 552.  In this capacity, Acting Secretary Su filed the present action against Coway alleging that it fails to record all hours worked by its employees for time spent performing pre- and post-shift activities, participating in trainings, and attending mandatory meetings.  (Compl. ¶ 26.)  Coway also "decreases its overtime pay liability" by "intentionally falsify[ing] its time records" and "fail[ing] to pay overtime compensation at the rate . . . required under Section 7(a) of the FLSA."  (*Id.* ¶¶ 28–30, 33.)  Acting Secretary Su asserts claims for violation of overtime provisions of the FLSA Sections 7(a) and 15(a)(2) and violations of the recordkeeping provisions of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                    Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

the FLSA Sections 11(c) and 15(a)(5).  (*Id.* ¶¶ 35–40.)  The Complaint seeks, among other things, (1) an order permanently enjoining Coway from prospectively violating the FLSA; (2) an order "finding [Coway] liable for unpaid overtime compensation . . . and an additional equal amount as liquidated damages, as well as civil money penalties"; and (3) in the event the Court does not award liquidated damages, an order enjoining and restraining Coway from continuing to withhold payment of unpaid back wages found to be due, from at least October 3, 2020 and continuing through judgment.  (*Id.* at 9–10.)

Coway moves to dismiss the Complaint, arguing that Acting Secretary Su (1) lacks standing to bring the present action; (2) lacks standing to seek civil money penalties; and (3) has not pled a claim for civil money penalties.

## II.     <u>LEGAL STANDARD</u>

### A.     12(b)(1)

A motion to dismiss for lack of standing under Article III is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

"In the absence of standing, a federal court lacks subject matter jurisdiction over the suit."  *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (quotations omitted).  To have Article III standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish an injury in fact, a plaintiff must show that she suffered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                   Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

"'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

### B.      12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).

### III.      ANALYSIS

#### A.      Acting Secretary Su Has Standing and Authority to Bring the Present Action

In its Motion to Dismiss, Coway contends that Acting Secretary Su lacks the authority to pursue an enforcement action against it under Section 16(c) of the FLSA. (Mot. 9–14.)  Section 16(c) authorizes the Secretary of Labor to "bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages."  29 U.S.C. § 216(c). Coway asserts that Acting Secretary Su lacks standing because she has not been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                    Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

confirmed as Secretary of Labor by the Senate.  (Mot. at 9.)  Coway further argues that Acting Secretary Su is not entitled to operate as Acting Secretary of Labor under 29 U.S.C. § 552, which outlines the powers of the Deputy Secretary when assuming the role of Acting Secretary, because the statute "does not have a time limit for a Deputy Secretary to serve in an Acting Secretary capacity."  (Mot. at 11.)  This, Coway contends, violates the Federal Vacancies Reform Act (the "Vacancies Act") because the Vacancies Act allows for only temporary appointments to positions requiring confirmation by the Senate.  (Mot. at 10.)  *See also* 5 U.S.C. §§ 3345-3349e.  Coway further argues that, even if 29 U.S.C. § 552 is read to intend that a Deputy Secretary may serve temporarily, "the temporary nature of that acting service is negated [here] by the Acting Secretary's own future appointment" and permitting Acting Secretary Su to serve under this statute would be constitutionally problematic.  (Mot. at 12–14.)

In response, Acting Secretary Su asserts that Coway cannot challenge the Acting Secretary's Article III standing based on an Appointments Clause argument.  (Opp. at 10–11.)  Additionally, Acting Secretary Su contends that she is validly performing the duties of the Secretary pursuant to 29 U.S.C. § 552 and thus has proper authority to bring the present enforcement action.  (Opp. at 11–15.)  Acting Secretary Su argues that she is authorized to act under Section 552 because that section provides that the Deputy Secretary "shall … perform the duties of the Secretary until a successor is appointed[,]" (29 U.S.C. § 552), and "does not limit a Deputy Secretary's authority to serve as Acting Secretary when she is also the nominee for the vacant position."  (Opp. at 13–14.)  Finally, Acting Secretary Su argues that the Vacancies Act does not preclude her from serving as Acting Secretary for two reasons.  First, the limitations set forth in that Act are inapplicable when another statutory provision—here, 29 U.S.C. § 552—"designates an officer … to perform the functions and duties of a specified office temporarily in an acting capacity."  (Opp. at 14.)  *See also* 5 U.S.C. § 3347(a).  Second, even if the limitations in the Vacancies Act were to apply, nothing in the clause of that text precludes Acting Secretary Su's service.  (Opp. at 14–15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                    Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

> **1.**      **Whether The Acting Secretary Has Authority to Bring the Present Action is Not a Question of Article III Standing**

Coway casts its challenge to Acting Secretary Su's authority to bring the present action as a problem of standing, arguing that Acting Secretary Su's occupation of her current role "is contrary to the laws of … Article II [and] [f]or this reason, she lacks standing[.]"  (Mot. at 6.)

Yet, "no court, including the Supreme Court, has ever suggested that Article II problems nullify Article III jurisdiction."  *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1190 (9th Cir. 2016).  Rather the Supreme Court has instead explained that requiring private plaintiffs to demonstrate an injury in fact to establish standing under Article III prevents infringement "on the Executive Branch's Article II authority" to determine "how to prioritize and how aggressively to pursue legal actions against defendants who violate the law[.]"  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021); *cf. United States v. Providence J. Co.*, 485 U.S. 693, 699–700 (1988) (finding a special prosecutor lacked authority to file a petition for certiorari without casting that lack of authority as an issue of standing under Article III).

Coway asserts that Acting Secretary Su cannot bring the present enforcement action because she "improperly holds her position" and thus does not fall within the authorization conferred by Section 216(c).  (Mot. at 9–14.)  *See also* 29 U.S.C. § 216(c).  Specifically, Coway argues that Acting Secretary Su fails to meet the qualifications for appointment under the Vacancies Act and cannot otherwise act pursuant to 29 U.S.C. § 552 as that section "does not have a time limit for a Deputy Secretary to serve in an Acting Secretary capacity."  (Mot. at 6, 10–11.)  Even if Coway were correct that the Acting Secretary lacks authority to sue—which it is not for the reasons discussed in Section III.A.2, *infra*—the Court would not lack subject matter jurisdiction on that basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                                Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

*See Gordon*, 819 F.3d at 1189 ("While the failure to have a properly confirmed director may raise Article II Appointments Clause issues, it does not implicate our Article III jurisdiction to hear this case."); *see also Su v. Advanced Care Staffing, LLC*, 2024 WL 2053706, at *6 (E.D.N.Y. May 8, 2024) ("[B]ecause the U.S. Constitution charges the Executive with 'tak[ing] Care that the Laws be faithfully executed,' U.S. Const. art. II, § 3, the Executive has a judicially cognizable interest in the enforcement and defense of federal law." (internal citation and quotation marks omitted)).

Accordingly, Coway's Motion to Dismiss for lack of standing is DENIED.  The Court proceeds to consider whether Acting Secretary Su has *authority* to bring the present action pursuant to 29 U.S.C. § 552.

> **2.**    **Acting Secretary Su Has Authority to Maintain the Present Action Pursuant to 29 U.S.C. § 552**

Coway challenges Acting Secretary Su's authority to act pursuant to 29 U.S.C. § 552 on the grounds that (1) the statute "does not have a time limit for a Deputy Secretary to serve in an Acting Secretary capacity" and thus violates the Vacancies Act; and (2) even if the statute is read to include a time limit, it cannot authorize Acting Secretary Su's service here where she "would be her own successor."  (Mot. at 11–12.)

As an initial matter, 29 U.S.C. § 552 provides that:

> The Deputy Secretary shall perform such duties as may be prescribed by the Secretary of Labor or required by law. The Deputy Secretary shall (1) in case of the death, resignation, or removal from office of the Secretary, perform the duties of the Secretary until a successor is appointed, and (2) in case of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                    Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

absence or sickness of the Secretary, perform the duties of the Secretary until such absence or sickness shall terminate.

29 U.S.C. § 552.  Plainly read, the statute authorizes the Deputy Secretary of Labor to perform the duties of the Secretary of Labor if the Secretary dies, resigns, or is removed until a successor is appointed.  Here, the Senate confirmed Acting Secretary Su as the Deputy Secretary on July 13, 2021, and she began serving as Acting Secretary of Labor on March 11, 2023, when Secretary of Labor Martin J. Walsh resigned.  (PN 122.) No successor to Secretary Walsh has been confirmed by the United States Senate. (White House Presidential Actions, January 8, 2024, https://www.whitehouse.gov/briefing-room/presidential-actions/2024/01/08/nominations-sent-to-the-senate-133/.)  As Senate-confirmed Deputy Secretary, Acting Secretary Su must thus "perform the duties of the Secretary until a successor is appointed[.]"  29 U.S.C. § 552.

While Defendant argues that the Vacancies Act precludes Plaintiff from serving as Acting Secretary pursuant to 29 U.S.C. § 552, it does not.  Section 3347 of the Vacancies Act provides that:

> Sections 3345 and 3346 are the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) for which appointment is required to be made by the President, by and with the advice and consent of the Senate, ***unless … a statutory provision expressly … authorizes the President, a court, or the head of an Executive department, to designate an officer or employee***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                           Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

*to perform the functions and duties of a specified office temporarily in an acting capacity*[.]

5 U.S.C. § 3347(a)(1)(A) (emphasis added).  Section 552 is one such statutory provision as it authorizes a Deputy Secretary "appoint[ed] by the President, by and with the advice and consent of the Senate" to "perform the duties of the Secretary until a successor is appointed"—that is, temporarily.  29 U.S.C. § 552.  (*See also* Government Accountability Office Decision, *Legality of Service of Acting Secretary of Labor*, B-335451 (Sep. 21, 2023), https://www.gao.gov/products/b-335451.)  Put simply, because 29 U.S.C. § 552 expressly provides that the Deputy Secretary perform the duties of Secretary temporarily, the statute provides authority independent of the Vacancies Act for Plaintiff to serve as Acting Secretary.  *See Noel Canning v. N.L.R.B.*, 705 F.3d 490, 511 (D.C. Cir. 2013), *aff'd but criticized on other grounds*, 573 U.S. 513 (2014) (citing 29 U.S.C. § 552 as one instance where Congress "has provided for the temporary filling of a vacancy in a particular executive office by an 'acting' officer authorized to perform all of the duties and exercise all of the powers of that office")[1]; *see also Su v. WiCare Home Care Agency, LLC*, 2024 WL 3598826, at \*17 (M.D. Pa. July 31, 2024) (appeal pending) (holding that Acting Secretary Su could properly act pursuant to 29 U.S.C. § 552 and bring an enforcement action).

---

[1] In reply, Coway argues that the D.C. Circuit's discussion of 29 U.S.C. § 552 cannot be relied upon here because "the D.C. Circuit's reasoning in that case was overruled by the Supreme Court."  (Reply at 7 n. 1.)  Contrary to Coway's assertion, the Supreme Court in *N.L.R.B. v. Noel Canning* disagreed with the D.C. Circuit's reasoning as to its interpretation of the Recess Appointments Clause in Article II, section 2, clause 3 of the Constitution, not its discussion of 29 U.S.C. § 552.  573 U.S. 513, 557 (2014).  (*See also* Government Accountability Office Decision, *Legality of Service of Acting Secretary of Labor*, B-335451 (Sep. 21, 2023), https://www.gao.gov/products/b-335451 (relying on *Noel Canning v. N.L.R.B.*, 705 F.3d 490, 511 (D.C. Cir. 2013).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                          Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

The Court therefore declines Defendant's invitation to impose a time limit on 29 U.S.C. § 552 beyond that clear from its text—*i.e.*, that the Deputy Secretary shall "perform the duties of the Secretary *until a successor is appointed*."  29 U.S.C § 552 (emphasis added).  Nor will the Court reach Defendant's Constitutional challenges to 29 U.S.C. § 552 when the plain text of the statute imposes no limitation on a Deputy Secretary's authority to serve as Acting Secretary when she is also the nominee for the vacant position.  (*See* Mot. at 12–13; Reply at 5–6.)  *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009) ("Our usual practice is to avoid the unnecessary resolution of constitutional questions.").

For the above reasons, the Court finds that Acting Secretary Su is authorized to bring this enforcement action.

### B.     Civil Money Penalties

Coway also seeks to dismiss this action on the grounds that Acting Secretary Su lacks standing to seek civil money penalties and has failed to adequately plead the claim.  (Mot. 14–16.)  In Opposition, Acting Secretary Su "disputes Defendant's assertion[s]" without providing further argument.  (Opp. at 15.)  Acting Secretary Su also requests leave to withdraw her claim without prejudice or, in the alternative, to file an amended Complaint eliminating references to civil money penalties.  (*Id.*)  Coway argues that dismissal without prejudice would be improper as Acting Secretary Su's claim for civil money penalties is "actually[] penal in nature" and would "require[] [Coway] to litigate a civil case with a potential criminal case hanging over its head."  (Reply at 3.)

Where, as here, a plaintiff seeks to voluntarily dismiss a claim without filing a notice of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                          Date: December 04, 2024
Title:  Julie A. Su v. Coway USA, Inc

discretion of the District Court." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986).  Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted).

Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument," such as "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Id.*; *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Here, Coway's only argument for dismissal with prejudice is that the threat of a future potential criminal action would "hang[] over its head" throughout this litigation. That is insufficient to establish plain legal prejudice. *Westlands*, 100 F.3d at 97.  For this reason, Acting Secretary Su's request that the claim for civil money penalties be dismissed without prejudice is GRANTED, and Coway's motion to dismiss this claim is DENIED AS MOOT.

## IV.   <u>CONCLUSION</u>

For the above reasons, the Court DENIES Coway's motion to dismiss for lack of standing, GRANTS WITHOUT PREJUDICE Acting Secretary Su's request to voluntarily dismiss her claim for civil money penalties, and DENIES AS MOOT Coway's motion to dismiss Acting Secretary Su's claim for civil money penalties. Coway shall file an Answer to the Complaint **within 14 days** of the date of entry of this order.

Initials of Deputy Clerk: kd