UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08156-JLS-AJR                                   Date: September 03, 2025
Title:  Julie A. Su v. Coway USA, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER (Doc. 50)**

Before the Court is a Motion for Review of the Magistrate Judge's July 18, 2025 "Memorandum Decision and Order Denying Plaintiff's Motion to Compel" filed by Plaintiff Secretary of Labor Lori Chavez-Deremer.[1]  (Mot., Doc. 50; Mem., Doc. 50-1.)  Defendant Coway USA, Inc. opposed, and Plaintiff replied.  (Opp., Doc. 52; Reply, Doc. 56.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for September 5, 2025, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES the Motion.

I.    **BACKGROUND**

This is a wage and hour enforcement action brought under the Fair Labor Standards Act of 1938 ("FLSA") seeking recovery of unpaid overtime premiums, liquidated damages, and injunctive relief.  (Compl., Doc. 1.)  The parties have engaged in months-long discovery related to Plaintiff's claims.  Currently at issue is the Magistrate

---

[1] The successors of public officers are automatically substituted for their predecessors. Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                              Date: September 03, 2025
Title:  Julie A. Su v. Coway USA, Inc.

Judge's Order denying Plaintiff's motion to compel responses to interrogatories and requests for production.  (MJ Order, Doc. 46.)  The Magistrate Judge denied the motion in light of the fact that Defendant was "no longer objecting to providing the responsive documents and information sought[.]"  (*Id.* at 7.)  Further, because Defendant sought to produce information subject to a protective order, the Magistrate Judge found good cause for entry of a protective order, and "direct[ed] the parties to meet and confer on the terms of a stipulated protective order, which must be consistent with [the] opinion."  (*Id.* at 7, 11.)

Rather than confer on the terms of a protective order, Plaintiff filed the instant motion for review.  (*See* Mot.)  Plaintiff's motion also does not certify compliance with the meet and confer requirements of Local Rule 7-3.  Plaintiff requests (1) that the Court modify and set aside the Magistrate Judge's Order; (2) grant her motion to compel or otherwise direct the Magistrate Judge to reconsider its denial of that motion; and (3), "in the event that the Court allows for the imposition of a protective order," rule that certain categories of information should not be subject to any such order.  (Mem. at 26.)

**II.     ANALYSIS**

Defendant argues that the issues raised in Plaintiff's motion are not ripe for review as no protective order has yet been entered.  (Opp. at 12–13.)  The Court agrees that the motion is not ripe, and therefore declines to consider its merits prior to the issuance of any protective order in this case.

Plaintiff asserts that the Magistrate Judge's Order is "clearly erroneous and contrary to law," because the Order lacks sufficient factual findings and contemplates the issuance of a protective order that "[w]ould be [h]ighly [p]rejudicial" to her.  (Mem. at 13–14, 17.)  But such arguments rest on speculation as to what information any protective order will encompass and fail to consider the possibility that the Magistrate Judge may make additional factual determinations prior to issuing a protective order.  Plaintiff even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                                                           Date: September 03, 2025
Title:  Julie A. Su v. Coway USA, Inc.

recognizes the speculative nature of her claims in arguing that a protective order "*would* be entirely inappropriate" and "*would* be contrary to law[.]" (*Id.* at 20, 22 (emphasis added).)  The Court will not rule on hypotheticals, and thus will not consider Plaintiff's arguments unless and until a protective order is entered.  *See In re Optical Disk Drive Antitrust Litig.*, 2014 WL 11369762, at *3 (N.D. Cal. Dec. 19, 2014) (finding that objections regarding a protective order were not "ripe, as a final ruling on the scope of any protective order ha[d] not yet issued."); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quotation and citation omitted).

      This conclusion is further supported by the Magistrate Judge's directive for "the parties to meet and confer on the terms of a stipulated protective order, which must be consistent with this opinion." (MJ Order at 11.)  At present, the Court cannot determine what the results of any meet and confer between the parties will be, nor can the Court foresee what kind of protective order the Magistrate Judge will ultimately determine is "consistent with" his opinion.

      In addition, Plaintiff's motion "requests that the Court grant [her] motion to compel … or otherwise direct the Magistrate Judge to reconsider its denial of [her] motion to compel[[.]" (Mem. at 6.)  However, Plaintiff clarifies in reply that this request is based on her argument that the discovery sought does not require a protective order. (*See* Reply at 14.)  As issues regarding any protective order are not ripe, the Court does not consider Plaintiff's request at this time.

      Finally, the Court DENIES Defendant's request that the Court issue sanctions against Plaintiff pursuant to Rule 37(b)(2)(A)&(C). (Opp. at 19–20.)  Plaintiff has not "fail[ed] to obey an order to provide or permit discovery," as required for the issuance of sanctions under that rule.  *See* Fed. R. Civ. P. 37(b)(2)(A),(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08156-JLS-AJR                                               Date: September 03, 2025
Title:  Julie A. Su v. Coway USA, Inc.

### III.   CONCLUSION

For these reasons, Plaintiff's motion is DENIED.  Any future motion filed before this Court must comply with Local Rule 7-3; failure to do so may result in the denial of the motion on that ground alone.

Initials of Deputy Clerk: kd