JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. SONDERLING,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>COWAY USA, INC.<br><br>Defendant. | Case No. 2:24-CV-08156-JLS-AJR<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT COWAY USA, INC.** |

Plaintiff KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor, and Defendant COWAY USA, INC. (collectively the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Permanent Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A. On September 23, 2024, the Acting Secretary filed his Complaint against Defendant in the above-captioned proceeding, alleging violations of Sections 7(a), 11(c), and 15(a)(2) and (5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 211(c), and 215(a)(2) and (5), beginning on October 3, 2020 and ongoing.

B. Defendant admits that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

C. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D. The Parties agree herein to resolve all allegations of the Acting Secretary's Complaint.

E. Defendant admits that, at all relevant times, it has been a corporation in the business of selling, leasing, and servicing household appliances. Defendant admits that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r)(1) and 3(s)(A) of the FLSA, 29 U.S.C. § 203(r)(1), (s)(1)A), and that as such, Defendant is subject to the provisions of the FLSA.

F. Defendant admits that it is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), of employees titled Cody and Codocs listed on **Exhibit 1** to this Consent Judgment, who among other duties service Coway appliances and perform other customer service work;

**Exhibit 1** is incorporated in and made part of this Consent Judgment and Order.

G. Defendant represents that it and all individuals and entities acting on their behalf or at its direction necessary to perform the obligations herein have notice of, and understand, the provisions of this Consent Judgment.

H. The Parties agree that entry of this Consent Judgment will resolve all matters and controversies raised in this civil action through the date of entry of this Consent Judgment.

**PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its agents, officers, servants, employees, and all persons and entities acting at their direction or in concert or participation with their direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), paying any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203, less than one and half times the particular employee's regular hourly rate for hours worked in excess of 40 hours in a workweek; the regular hourly rate shall include all sums paid to the employee in a workweek, including any commissions and bonuses, as required under Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

2. Contrary to FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a), failing to make, keep, and preserve records of its employees and of the wages, hours and other conditions and practices of employment maintained by

them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction. Defendant shall not alter or manipulate time or payroll records to reduce the number of hours worked by an employee.

3. Contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), in any way, directly or indirectly, soliciting, demanding, requiring, or accepting the return of any of the back wages or liquidated damages required to be paid under this Consent Judgment and Order from the individuals listed on the attached **Exhibit 1** or any future wages paid to employees; nor shall Defendant threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment and Order.

4. Defendant shall not withhold payment of $400,000.00 (four hundred thousand dollars), which constitutes the overtime back wages agreed to under this Consent Judgment to the employees as a result of their employment by Defendant during the periods identified and to the employees named in **Exhibit 1** in the amounts set forth herein, except pursuant to the terms of this Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its agents, officers, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

5. Within 120 calendar days of the entry of this Consent Judgment, Defendant shall amend and maintain its recordkeeping and payroll practices to

comply with the FLSA. To accomplish the provisions of this paragraph and if not already in effect:

a. Defendant shall adopt a timekeeping system that records all hours Codys and Codocs perform work for Defendant. This includes time spent: performing Heart Services; traveling between Heart Service appointments; retrieving parts and equipment needed to perform Heart Services; loading and unloading parts and equipment if required by Defendant; contacting and communicating with customers about appointments, billing, sales, and promotions; attending meetings and trainings; and any other compensable work.

b. Defendant shall not automatically deduct a lunch period from employees' time records.

c. Defendant's timekeeping system shall sum the time indicated on the time records recorded by each employee to identify the time worked each day and each workweek.

d. Defendant currently pays each employee on a semi-monthly pay schedule. Nothing contained herein shall prevent Defendant maintaining such or any other lawful pay schedule. For each Monday-Sunday workweek concluding during a pay period, Defendant shall prepare a statement of hours and wages for each employee for each such concluding workweek ("Pay Period Summary"). Nothing contained herein shall require Defendant to maintain a Monday-Sunday workweek rather than any other lawful workweek. The Pay Period Summary shall provide all information below, including such information required under 29 C.F.R. Part 516:

1. the employee's gross wages earned;

2. total daily and weekly hours worked;

3. total overtime hours worked (hours over forty in the

workweek and, where applicable, total daily overtime hours)

4. rates of pay and number of units completed for piece-rate pay, including any overtime pay;

5. rates of pay and number of hours worked for hourly pay, including any overtime pay;

6. amounts and types of bonuses and commissions earned in that period;

7. amounts and types of bonuses and commissions paid out in that period;

8. the employee's computed regular rate of pay;

9. the employee's computed overtime rate of pay;

10. all deductions;

11. net wages earned;

12. the inclusive dates of the period for which the employee is paid;

e. Each pay period, Defendant shall direct each employee to review the employee's Pay Period Summary and communicate in writing to Defendant if corrections are necessary. For the avoidance of doubt, communications transmitted through email or text messaging shall constitute communication "in writing." For a period of not less than one year following entry of this judgment Defendant shall attach the following statement with each Pay Period Summary, in English:

> Employers must pay you for all hours you work. If you think your employer has not paid you for all hours you worked, and you cannot resolve the issue yourself, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

f. Defendant shall maintain copies of all Pay Period Summaries

for three years after issuance for inspection and/or copying by authorized agents of the Acting Secretary at any time upon request. Such copies may be maintained in electronic form.

6. Defendant shall provide accurate information to Codys and Codocs about the methods and rates of pay, in written disclosures such as offer letters, pay stubs, Pay Period Summaries, orientation manuals and materials, and wage disclosures as those methods and rates of pay may be changed from time-to-time. Moreover, nothing shall prohibit Defendant from redesigning or reassessing any position in such a manner that complies with any exemption under the Fair Labor Standards Act and/or applicable state law.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

7. Within 60 days of the entry of this judgment, Defendant shall hire a third party to conduct a one-hour long training on FLSA at each of Defendant's facilities where Codys and Codocs are employed. They shall also distribute copies of the attached **Exhibit 2** "Notice of Employee Rights" in English and Korean to all employees at each of the facilities. Defendant shall require attendance for all Codys and Codocs and the employees' time at the training shall be treated as hours worked. Such training may be conducted remotely by interactive video presentation such as Zoom.

8. For a period of at least three (3) years from the date of entry of this Consent Judgment, Defendant shall hire a third party to provide an annual one-hour training on the FLSA for Team Leads in Southern California, New Jersey, New York, Maryland, and Virginia. Defendant shall require attendance for all Team Leads and the employees' time at the training shall be treated as hours worked. Such training may be conducted remotely by interactive video presentation such as Zoom.

9. Within 15 days of the entry of this Judgment, Defendant shall post a copy of the attached **Exhibit 2** "Notice of Employee Rights," in English and Korean languages, at each of their facilities in an area that is frequented by employees such as a warehouse or training offices. Such Notice shall remain posted for a minimum of one year.

10. For a period of at least four (4) years from the date of entry of this Consent Judgment, Defendant shall ensure that a copy of the attached **Exhibit 2** "Notice of Employee Rights," in English and Korean languages is provided to the following persons or entities and in a language understood by the recipient as follows: all new employees hired as Codys or Codocs, upon hire; all persons or entities providing labor or payroll services to Defendant; and any individual or entity responsible for hiring, firing, supervising, paying, or otherwise managing Codys or Codocs.

**JUDGMENT**

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Acting Secretary as a judgment owed to the United States of America and against Defendant in the total amount of $800,000.00 (eight hundred thousand dollars). This total amount comprises $400,000.00 (four hundred thousand dollars) in unpaid overtime compensation[1] and $400,000.00 (four hundred thousand dollars) in liquidated damages.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

11. Defendant shall pay the amount of $800,000.00 (eight hundred

[1] This Judgment covers overtime compensation alleged to be owed to the employees in the amounts and for the time periods listed in Exhibit 1. In workweeks where the employee worked in excess of forty hours, the greater of the actual pay or the applicable state or local minimum wage was used to compute overtime compensation alleged. This Consent Judgment settles all such allegations.

thousand dollars) in the manner and on the schedule described below in paragraph 12.

12. Defendant shall pay the back wages and liquidated damages as follows:

a. Within 30 days of the execution of this Consent Judgment, Defendant shall provide to U.S. Department of Labor a schedule bearing the name of the employer, employer identification number, address, and phone number. The schedule should also show the name, last known home address, phone numbers, social security number, gross back wage amount (as listed in the attached Exhibit 1), the amounts of legal deductions for social security and withholding taxes thereon (that Defendant shall pay directly to the federal and State agencies entitled thereto, when due (and, in any event, not later than one year after submitting to Plaintiff the last of the net back wage amounts due hereunder)), and the resulting net back wage amount for each person listed in the attached Exhibit 1.

b. Within 60 days of the execution of this Consent Judgment, Defendant shall tender to each person named in the attached Exhibit 1 the U.S. Department of Labor, Wage and Hour Division Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation ("WH-58").

c. For each person named in the attached Exhibit 1, who signs the WH-58, Defendant will make a payment in an amount equal to 100 percent of the net back wage amount due to each employee after making the aforementioned legal deductions (which deductions shall be submitted by Defendant to the federal and state agencies entitled to them, when due (and no later than one year after submitting to Plaintiff the last payment due hereunder)) from the total gross back wage amount

listed opposite their name in the attached Exhibit 1. Such payment will be made to an employee within 100 days of the execution of this judgment.

d. For each person named in the attached Exhibit 1, who signs the WH-58, Defendant will make a payment in an amount equal to 100 percent of the total gross liquidated damages due hereunder to each employee, i.e. an amount equal to 100 percent of the total gross amount listed opposite their name in the attached Exhibit 1. Such payment will be made within 100 days of the execution of this judgment.

e. Within 120 days of the execution of this Consent Judgment, Defendant shall deliver to the U.S. Department of Labor, Wage & Hour Division ("WHD") evidence of payment to each person named in the attached Exhibit 1 of the amounts set forth above, including any and all signed WH-58 forms or other proof of payment.

f. Within 120 days of the execution of this Consent Judgment, Defendant shall provide WHD with a listing of all employees who could not be located, refused to sign Form WH-58, who did not return a signed Form WH-58 as of the date of this listing, or refused to accept the payments described in subparts c and d, their last known address, phone number, social security number, and their gross and net amounts due, and shall make a payment to the Acting Secretary through www.pay.gov the net amount due to all such employees within 120 days of the execution of this Consent Judgment. Payment via ACH transfer, credit card, debit card, or digital wallet can be made through the portal at https://pay.gov/public/form/start/77743734 or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region."

g. Defendant may use a third-party administrator to distribute the amounts due under this Consent Judgment, however Defendant shall be

responsible for compliance with all provisions of this Consent Judgment and for the cost of such administrator.

h. Upon the completion of the steps in paragraph 12, Defendant shall not have further obligation with respect to the distribution of funds to employees.

13. In the event of any default in the timely making of any payment due hereunder, the full judgment amount, which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendant's default until paid in full, shall become due and payable. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by the employee or the Acting Secretary (through the method specified above) within thirty (30) calendar days of the due date.

14. Any monies not distributed to employees because of an inability to locate the proper persons, the refusal of the employee to sign a WH-58, or because of the employee's refusal to accept payment, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). Defendant shall deposit the employer's portion of payroll taxes with the relevant taxing authorities after the Acting Secretary issues the form 941X or equivalent.

**FURTHER, IT IS HEREBY ORDERED THAT**

15. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached **Exhibit 1** for any period not specified therein, nor as to any employer other than Defendant.

16. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as

amended.

17. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

18. Except as expressly admitted herein, Defendant makes no other admissions.

19. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

DATED: September 9, 2026

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE